# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LINDA VAN DYKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:18-cv-263-NT |
| | ) |
| TOWN OF DEXTER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Through various tort and constitutional claims, Plaintiff Linda Van Dyke challenges the Town of Dexter's actions and ultimate determination that her home constituted a dangerous building under Maine law. Defendants Town of Dexter and Albert Tempesta seek dismissal of the case. The Plaintiff did not respond to the motion to dismiss. I **GRANT** the Defendants' Motion to Dismiss. (ECF No. 15).

## FACTS

The following relevant facts are taken from the Amended Complaint, which are presumed true for purposes of this Motion to Dismiss, and from the June 8, 2017 Findings and Order of the Town Council of the Town of Dexter ("**Findings and Order**") (ECF No. 16-4).[1] The Plaintiff is a legal resident of Conroe, Texas, and she

---

[1] Ordinarily, when reviewing a motion to dismiss, a court may not take into account documents outside the Complaint. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). An exception exists, however, for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* Here, the Defendants attached to their motion the

owns real property at 119 Main Street, in Dexter, Maine, which is the subject of the instant lawsuit. Am. Compl. ¶¶ 1, 6 (ECF No. 20). The Town of Dexter is a governmental entity in Dexter, Maine, and Albert Tempesta is the Code Enforcement Officer ("**CEO**") for the Town of Dexter. Am. Compl. ¶¶ 2-3. Leslie Steeg is the Plaintiff's neighbor in Dexter, Maine. Am. Compl. ¶ 4.

The Town of Dexter was made aware of possible code violations and other issues with the Plaintiff's property. Am. Compl. ¶¶ 21, 23, 28. The Plaintiff has not resided at or visited her Dexter property since 2014. Findings and Order 2. During that time, Ms. Van Dyke's property fell into a state of disrepair and the Town of Dexter decided that an inspection of the property was necessary to determine if the structure was habitable. Findings and Order 2. After the inspection, by letter dated April 26, 2016, Ms. Van Dyke was informed that her property was "unsafe for human habitation." Findings and Order 2. On September 13, 2016, CEO Tempesta sent a letter to Ms. Van Dyke setting a deadline of September 27, 2016, to contact the Town. Findings and Order 2. Ms. Van Dyke responded by letter on October 28, 2016, indicating that she was working with an architect to remedy the deficiencies. Findings and Order 3. CEO Tempesta made an additional inspection of the property on May 9, 2017, which found that the conditions had continued to deteriorate. Findings and Order 3.

---

"Findings and Order" of the Town Council for the Town of Dexter, Maine dated June 8, 2017, which was filed in the Penobscot County Registry of Deeds. Findings and Order 5 (ECF No. 16-4). I find that the Findings and Order are official public record and that they provide relevant facts underlying the Plaintiff's Amended Complaint. Therefore, I will consider the Town of Dexter's Findings and Order in ruling on the motion.

The Dexter Town Council held a dangerous building hearing on May 11, 2017. Findings and Order 1. Ms. Van Dyke was given notice of the hearing, and, although she was not present, she was represented by an attorney at the hearing. Findings and Order 2. On June 8, 2017, the Dexter Town Council issued its "Findings and Order" that determined Ms. Van Dyke's structure was a dangerous building. Ms. Van Dyke was given thirty days to address the six areas specifically found to be deficient and to make the necessary repairs to bring the building out of its state of disrepair. Findings and Order 4. The Findings and Order also provided notice to Ms. Van Dyke that if she did not make the necessary repairs, the building would be demolished as authorized by Maine law. Findings and Order 4.

The Findings and Order instructed Ms. Van Dyke that she could challenge the findings of the Town Council by timely filing an appeal pursuant to Maine Rule of Civil Procedure 80B. Findings and Order 5. Counsel for the Town and CEO Tempesta has represented that no appeal was filed from the Town of Dexter's Findings and Order, and the Plaintiff has not asserted otherwise. Since no appeal was filed, the Town of Dexter's Findings and Order are now final. The Town Council recorded its Findings and Order in the Penobscot County Registry of Deeds. Findings and Order 5.

## LEGAL STANDARD

Rule 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A motion to

dismiss may be granted only if, after accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the non-movant, the plaintiff is not entitled to relief. *See Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994). While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, bald assertions, and legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume that [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."). Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

## ANALYSIS

More than one year has passed since the Town of Dexter's Findings and Order became final.[2] The Plaintiff now challenges the Town's decision by asserting various

---

[2] The Town Council's Findings and Order, which was recorded in the Penobscot County Registry of Deeds, states the following:

> [I]f this Order is not complied with within 30 days of service, the Dexter Town Council is hereby authorized to make arrangements for demolition of [the] dangerous building, and the costs of demolition or securing of the property will be recovered by the Town as allowed by statute.

4

constitutional violations and torts. Specifically, Ms. Van Dyke claims violations of: the Takings Clause under the 5th Amendment of the Maine and federal Constitutions (Count I); the Due Process Clause (Count I); Maine's dangerous building statute, 17 M.R.S.A. § 2857, (Count II); the 4th Amendment of the Maine and federal Constitutions (Count III); and 42 U.S.C. § 1983 (Count IV). She also brings claims sounding in negligence/abuse of process (Count V); intentional infliction of emotional distress (Count VI); negligent infliction of emotional distress (Count VII); defamation and false light (Count VIII); negligent hiring (Count IX); negligent supervision and training (Count X); and invasion of privacy (Count XI). From reading the Amended Complaint, it is unclear which claims are brought against which Defendant or Defendants. Throughout the Amended Complaint there are references to "Defendant" and "Defendants" and use of the singular and plural possessive forms. For purposes of this Order, I assume that all the federal claims are asserted against all the Defendants.

Pursuant to Maine law, a municipality may, after providing a building owner with both notice and hearing, adjudge a building or structure to be dangerous or a nuisance. *See* 17 M.R.S.A. § 2851. The town then has authority to "make and record an order prescribing what disposal must be made of that building or structure." *Id.* (stating that when municipality determines that structure qualifies as "dangerous

---

Findings and Order 4. The Plaintiff was served with the Town's Findings and Order on June 28, 2017. Return of Service (ECF No. 16-5). Pursuant to Rule 80B, the Plaintiff must appeal the decision "within 30 days after notice of any action." Me. R. Civ. P. 80B(b). Thus, the Plaintiff had to file her appeal on, or before, July 28, 2017. The Plaintiff neither complied with the Town's Order nor filed an appeal.

building," it can issue "an order prescribing what disposal must be made of that building or structure"). Under appropriate circumstances, the municipality may order a building or structure demolished after adjudging it to be dangerous or a nuisance. *See Michaud v. Bangor*, 196 A.2d 106, 109 (Me. 1963) ("The act of demolition, properly premised, was within the ordinant power of the city and was, therefore, not 'ultra vires'."); *see also* Eugene McQuillin, The Law Of Municipal Corporations § 24.560 (3d ed. 1989) ("[A] municipality in the exercise of its police power may, without compensation, destroy a building or structure that is a menace to the public safety or health.").

In this case, the Town of Dexter has found, among other things, that the structure was "dangerous" under Maine law.[3] The Town ordered: (1) that the Town Clerk serve the Order on the Plaintiff, (2) that multiple repairs be made to the building within 30 days, and (3) that if the Order is not complied with within 30 days of service, the Town Council is authorized to make arrangements to demolish the dangerous building. Findings and Order 4. The Order notified the Plaintiff of her right to appeal under Maine Rule of Civil Procedure 80B. Findings and Order 4. No appeal was filed pursuant to Rule 80B, making the Town of Dexter's Findings and Order final.

---

[3] The Dexter Town Council needed to find only one of the conditions that make a building dangerous pursuant to 17 M.R.S. § 2851, and here it found several: the building is structurally unsafe, unsanitary, unsuitable or improper for use or occupancy, a hazard to the public. Findings and Order 4. The dangerousness finding supports the order to demolish.

I. **The Plaintiff's Claims are Time-Barred**

The Defendants argue that because the Plaintiff failed to appeal the Town Council's decision pursuant to M.R. Civ. P. 80B, all of her claims are time barred. The Law Court has repeatedly held that "when direct review is available pursuant to rule 80B, it provides the exclusive process for judicial review unless it is inadequate." *Cayer v. Town of Madawaska*, 148 A.3d 707, 711 (Me. 2016) (quoting *Gorham v. Androscoggin Cty.*, 21 A.3d 115 (Me. 2011) (affirming trial court's rejection of plaintiff's due process claim where plaintiff had right to seek redress under Rule 80B but failed to timely file)).

The Plaintiff has made no argument that the Rule 80B appeal is an inadequate procedure to redress her claims. Given the failure to respond to the non-merits-based 80B timeliness argument, the Plaintiff has waived objection pursuant to Local Rule 7(b). *Compare Daigle v. Stulc*, 2009 WL 4738167, *1-2 (D. Me. Dec. 4, 2009) (court held that pursuant to Local Rule 7(b) plaintiff waived objection to non-merits preemption and exclusivity arguments in motion to dismiss), *with Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) ("If the merits are at issue, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.").

In addition, my own review confirms that all of the claims being asserted against the Town of Dexter and CEO Tempesta arise from the common nucleus of fact involving the Town's condemnation of her property. Because these claims could

7

have been raised in an appeal of the Town Council's Findings and Order, her federal claims against the Town and CEO are dismissible as untimely.[4]

## II. Claims against Leslie Steeg

Fourth and Fifth Amendment constitutional protections constrain only government actors. Thus, a plaintiff pursuing constitutional claims must show in the first instance that the alleged constitutional violation constitutes state action. The Supreme Court has articulated several tests for determining whether a private party is a state actor for the purposes of § 1983. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). These tests include: the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); the nexus test, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974); the public function test, *Marsh v. Alabama*, 326 U.S. 501 (1946); and the joint action test, *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978). The Court of Appeals for the First Circuit uses a combination of these tests. *See, e.g., Estades–Negroni v. CPC Hospital San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005) ("We have employed the following three tests to determine whether a private party fairly can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test.").

Ms. Steeg is alleged to be a neighbor. The Plaintiff does not assert that Ms. Steeg is an employee of the Town of Dexter or that she was acting at the Town's

---

[4] It would appear that principles of preclusion or exhaustion could also support dismissal. But the Defendants argue timeliness and that seems to be how the Law Court analyzes these questions.

direction. There are no allegations that Ms. Steeg acted under color of state law, engaged in a joint activity, or conspired with any local or state official to violate the Plaintiff's constitutional rights. Without allegations of state action which would allow me to treat Ms. Steeg as a state actor, the Amended Complaint presents no federal cause of action against Ms. Steeg. I dismiss the federal claims against Ms. Steeg and, because the Plaintiff has not plead a basis for diversity jurisdiction, I remand the remaining state claims against Ms. Steeg.

### III. Supplemental Jurisdiction

The supplemental jurisdiction statute provides that a "district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Plaintiff's Amended Complaint presents no viable federal cause of action against any of the Defendants. I decline to exercise supplemental jurisdiction over the remaining state law claims.

### CONCLUSION

For the reasons stated above, I **GRANT** the Defendants Town of Dexter and Albert Tempesta's Motion to Dismiss the federal claims in Counts I, III and IV. The federal claims in Counts I, III and IV against Leslie Steeg are also **DISMISSED**.

Finding the Plaintiff's federal claims to be time-barred, the Plaintiff's motion for temporary restraining order and preliminary injunction is **DENIED**. I decline to

exercise supplemental jurisdiction over the remaining state law claims and **REMAND** the state law claims back to the Maine Superior Court.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 29th day of November, 2018.